## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**DR. STEVEN A. GUTTENBERG**
**and DOCTORS GUTTENBERG AND**
**EMERY, P.C.**

**Plaintiffs,**

**v.**

**DR. ROBERT W. EMERY**

**Defendant.**

Case No. 1:08-cv-00085
(Judge John D. Bates)

### PLAINTIFF'S MOTION FOR EMERGENCY STATUS
### CONFERENCE AND EXPEDITED DISCOVERY PRIOR TO
### SCHEDULING CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(d) and (f) and LCvR 26.2(a), Plaintiffs

Dr. Steven A. Guttenberg and Doctors Guttenberg and Emery, P.C. hereby move for expedited

discovery and an opportunity for an emergency status conference in the above-captioned action.

In their complaint, Plaintiffs seek to enjoin and restrain certain breaches by Defendant Dr. Robert

W. Emery of non-competition covenants contained in his Employment Agreement with the

Corporation, and in a Shareholder Agreement to which he is a party.

The gist of the Plaintiffs' complaint and motions for injunctive relief is that Dr. Emery

has secretly sought to establish his own practice, within a few blocks of the Plaintiffs' practice

and to siphon from the Corporation its employees, patients and referral networks of doctors and

dentists. Under ¶ 8.d. of Emery's Employment Agreement he has agreed that upon his breach, or

his *threatened or anticipatory breach* of the covenants in ¶ 8.a., b. and c. of this Employment

Agreement, he has stipulated that irreparable injury will be deemed to exist and that he may be

enjoined from such breaches. Although Plaintiffs have been able to obtain some direct and

circumstantial evidence of these breaches, because Defendant has conducted his breaches in

virtual secrecy Plaintiffs have been unable to obtain additional evidence to file a complete

application for preliminary injunction at this time. As a result Plaintiffs hereby move for an

emergency status conference at the Court's earliest opportunity to establish expedited discovery

and a briefing schedule for Plaintiffs' preliminary injunction motion.

 Specifically, Plaintiffs request that:

1. The Court set an emergency status conference be held at the Court's earliest opportunity;

2. The Court order the Defendant respond to the written discovery attached to Plaintiffs memorandum in support of their motion for expedited discovery within 14 days or at such other time as the Court deems reasonable.

3. The Court order that the parties each be permitted to conduct up to four depositions prior to the preliminary injunction hearing provided that the depositions occur no less than five (5) days prior to a date scheduled for a preliminary injunction hearing.

4. The Court establish a date for a preliminary injunction within thirty (30) days or such other date as the Court deems reasonable.

 Counsel certifies he has discussed this motion with opposing counsel.  Opposing counsel

is not opposed to expedited discovery, but opposes any limitation on the amount of written

discovery and number of depositions allowed under the Federal Rules of Civil Procedure.


DATED: January 30, 2008   Respectfully submitted,

           _____

           Geoffrey P. Gitner (DC Bar No. 176479)
           Law Offices of Geoffrey P. Gitner
           Watergate, Twelfth Floor
           600 New Hampshire Ave., N.W.
           Washington, D.C. 20037
           Ph: (202) 772-5926
           Fax: (202) 772-5858

Richard T. Tomar (D.C. Bar No. 13094)
KARP, FROSH, LAPIDUS, WIGODSKY &
NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
Ph: (301) 948-3800

*Counsel to Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

DR. STEVEN A. GUTTENBERG
and DOCTORS GUTTENBERG AND
EMERY, P.C.

    **Plaintiffs,**

  v.

DR. ROBERT W. EMERY

    **Defendant.**

Case No. 1:08-cv-00085
(Judge John D. Bates

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR EMERGENCY STATUS
CONFERENCE AND EXPEDITED DISCOVERY PRIOR TO
SCHEDULING CONFERENCE**

I. **Introduction**

  Plaintiffs have filed a motion for a temporary restraining order and preliminary

injunction.  Through their motion for expedited discovery, the Plaintiff seeks limited discovery,

focused solely on Count I, for Breach or Anticipatory Breach.  Plaintiffs respectfully request no

more than four depositions to each side prior to a preliminary injunction hearing, answers within

14 days to a set of 15 interrogatories (attached hereto as Ex. A); responses to 15 Requests for

Admissions (attached hereto as Ex. B); and responses to 15 requests for documents (attached

hereto as Ex. C).

  Fundamentally, Plaintiffs' ability to obtain the interim injunctive relief requested of this

Court is dependent upon Plaintiffs' ability to establish Defendant Emery's actions in furtherance

of the alleged breaches, whether he took these actions knowingly in violation of the contract

language and whether he breached his fiduciary duties as an employee, director and officer of the Corporation.

As the Plaintiffs have received only a small amount of direct evidence, and other circumstantial or hearsay evidence regarding the Defendant's secret plan to break out of his non-competition covenants in order to establish an office at 1145-19[th] Street, N.W., a mere three blocks from the Corporation's office, and his concealed actions to solicit doctors who previously referred their patients to the Corporation's practice to be loyal to Emery himself, and his attempts to have the Corporation's staff choose up sides as to whether they would leave the Corporation with him. These breaches have been conducted in secrecy by the Defendant. The Plaintiffs' expedited discovery is necessary to supplement its motion for a preliminary injunction and to be able to present additional direct evidence at a preliminary injunction hearing. This would include documentary proof and other proof that Emery made other concrete moves to establish an office with a particular dentist (Dr. Keith Progebin) who already has an office at 1145-19[th] Street, and appears to have been Emery's confidant in his attempt to negate his contractual covenants. In fact, it was only a few years ago that Pogrebin was able to manipulate his way out of covenants in his employment agreement with an older dentist. In fact, Emery has hired the same attorneys that represented Progebin in his campaign against his senior doctor, in which similar actions were taken there as are being taken here; to wit: seeking ways to dissolve the corporation, digging up records that are 30 years old, harassing and pressuring the senior doctor with daily complaints. The same dentist, Pogrebin, continues to advise Emery. In fact, as of the date of the filing of this Complaint, Emery and the Dentist are skiing together for a week in Telluride, Col.

Plaintiffs have been advised that certain employees have been requested to leave with Emery and help him establish his office on 19th Street. This includes Donna Breeyear, whose declaration is attached to Plaintiffs' Motion for Temporary and Preliminary Relief. Plaintiff believes there are at least two others.

## II.    Argument

### A.    Standard

Fed.R.Civ.P. 26(d) and LCvR 26.2 (a) provide that no discovery shall occur before the provisions of Rule 26(f) (counsel discovery conference and Rule 16 conference) unless ordered by the Court. Many of the cases addressing expedited discovery have held that expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. *See generally* 6 Moore's Federal Practice ¶ 26.121 (Matthew Bender 3 ed.) ("Moore's*"), citing Pod-Ners, LLC v. Northern Feed & Bean,* 204 F.R.D. 675, 676 (D.Colo. 2002) (infringement action); *Semitool, Inc. v. Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (infringement action).

Although there is no specific Federal Rule standard for determining the appropriateness of expedited discovery, case law provides two recognized approaches---the *Notaro* standard and the "good cause" standard or "reasonableness test." *See generally Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority,* 234 F.R.D. 4, 6 (D.D.C. 2006) (Faciola, Mag. J.), *comparing Notaro v. Kock,* 95 F.R.D. 403 (S.D.N.Y.) *with In re Fannie Mae Derivative Litig.,* 227 F.R.D. 142, 143 (D.C.D.C. 2005) (Leon, J). As held by Magistrate Judge Faciola in *Disability Rights Council,* the *Notaro* standard (employing a test comparable to that for issuance of an injunction) has been almost universally rejected in favor of

the "reasonableness" standard "where the expedited discovery is related to a motion for a preliminary injunction." *Id*. (citing cases).

The reasonableness standard, according to MOORE'S, is a more "liberal" test. MOORES, *supra*. ¶ 26.121. It requires the court to decide the motion based on the reasonableness of the request in light of all the surrounding circumstances. Among the factors considered by the court in *Fannie Mae* were:

(1)    whether a preliminary motion is pending;

(2)    the breadth of the discovery requests;

(3)    the purpose for requesting expedited discovery;

(4)    the burden on the defendant to comply with the requests; and

(5)    how far in advance of the typical discovery process the request was made.

*In re Fannie Mae, supra* 227 F.R.D at 143.

Here, the Plaintiffs have filed a motion for a preliminary injunction, universally recognized as the most effective relief for the breach of covenants not to compete. Indeed, the recognition of the almost certain irreparable harm related to such breaches requires expeditious injunctive relief. In particular in this case, Plaintiffs have alleged that since the summer of 2007 Emery has had a secret plan to establish a practice in downtown D.C., in violation of the covenants not to compete in his Employment Agreement. In order to implement that plan Emery has hired attorneys to advise him on how to break the covenants. Emery's actions since that time have had the intent to either destroy the Corporation, through actions taken by him to fabricate grounds that the Corporation is deadlocked, or to place emotional and coercive pressure on Guttenberg and other staff members, that would cause Guttenberg to yield to Emery's harassing stratagems. If the Corporation is to remain a viable business, not lose staff, or have a staff

4

completely demoralized by the doubt created about the Corporation's future, and if, Guttenberg, Breeyear and other staff members are to be relieved of the almost daily harassment being campaigned by Emery, this action requires prompt action to return the Corporation to its status quo before the institution of Emery's campaign.

The breadth of Plaintiffs' requested expedited discovery is extremely limited and focused to its Anticipatory Breach Count I, that is proof that Emery has breached, or threatened to breach, his covenants not to compete. Significantly, the Emery employment agreement approves the entry of injunctive relief for a violation of his covenants.  Paragraph 8.d. of the Emery Employment Agreement provides:

> In the event of a breach or anticipatory breach by the Employee of his obligation under this paragraph 8 [the non-competition and non-solicitation covenants], the Employee hereby acknowledges and stipulates that the Employer shall not have an adequate remedy at law, shall suffer irreparable harm, and therefore, it is mutually agreed and stipulated by the parties hereto, that, in addition to any other remedies at law or in equity which the Employer may have, the Employer shall be entitled to obtain in a court of law and/or equity a temporary and/or permanent injunction restraining the Employee from any further violation or breach of such covenants.

Though Plaintiffs' complaint raises contractual and tort causes of action for damages for breach of contract and breach of fiduciary duty, the expedited discovery sought is limited to the issue of whether Emery has breached or threatened to breach his restrictive covenants.

In this case, Emery has agreed that upon a breach a court shall enter injunctive relief. Although courts hold such contractual provisions are persuasive and may constitute an evidentiary stipulation, a court of equity is not bound by the clause.  Here, however, the irreparable injury will occur if Emery is not prevented from continuing his efforts to destroy the Corporation. Valuable employees, already under great stress will begin to leave the practice. The Corporation's referral network of doctors will become confused and likely stop referring patients to a practice where the doctors may be perceived as not focusing first on the care of their

patients, or the referral doctors may cease sending business because of not wanting to choose sides.

Having built the practice up for over 30 years, it would be unreasonable to Guttenberg to wait, or be foreclosed, from maintaining the status quo and preserve the corporate assets.

Through the instant motion, the Plaintiffs seek to discover only the identities and related information for those persons (or entities) that have been contacted by Emery, or used by Emery to promote his plan to establish a competitive practice. This discovery is narrowly focused on what actions have been taken to establish Emery's new office in violation of the non-competition and non-solicitation covenants.

Plaintiffs have requested four depositions. These would be limited to the persons who have aided Emery in locating his office, advising him of how to break out of the covenants and what actions he has taken to solicit employees to leave with him.

Plaintiffs' document request, request for admissions and interrogatories are likewise specifically focused on showing Emery has breached, or threatened to breach, his restrictive covenants.

Plaintiffs' purpose in seeking the discovery is to present proof at a preliminary injunction hearing. The overwhelming amount of direct, non-hearsay evidence, of Emery's breaches is only in Emery's possession and cannot be otherwise obtained by the Plaintiffs.

The burden on Emery will be minimal. All of the deponents are based in downtown Washington. All have been involved with Emery's seeking relief from the covenants. None will be required to be away from their employment responsibilities for more than a few hours, or at worst a seven–hour day. Likewise, the written discovery is limited, requests information limited

to the last several months at most and can be easily responded as they do not request extensive searching of records or extensive interviews with numerous employees.

As to the fifth factor, Emery will also benefit from expedited discovery and an expedited determination of his alleged breaches. Here, a preliminary injunction process will likely resolve the issue of the applicability of the restrictive covenants more quickly and less expensively than a more extensive and protracted process of litigation under the general provisions of Rule 26(d).

When the expedited discovery requested by the Plaintiffs is viewed through the facts of this case, as set forth in the Verified Complaint, the Declaration of Donna Breeyear and this memorandum, it is evident that the "reasonableness" standard has been satisfied.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' request for limited, expedited discovery related to Plaintiffs' Motion for Preliminary Hearing.

DATED: January 30, 2008                     Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Richard T. Tomar (D.C. Bar No. 13094)
KARP, FROSH, LAPIDUS, WIGODSKY &
NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
Ph: (301) 948-3800

*Counsel to Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2008, I caused a true and correct copy of the foregoing Plaintiffs' Motion for Emergency Status Conference and Expedited Discovery Prior to Scheduling Conference to be served by electronic mail and first class mail, postage prepaid on the following:

Brian Schwalb, Esq.
Joseph Shull, Esq.
Seth Rosenthal, Esq.
Venable
875 7th Street, N.W.
Washington, D.C.

Geoffrey P. Gitner

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**DR. STEVEN A. GUTTENBERG**
**and DOCTORS GUTTENBERG AND**
**EMERY, P.C.**

**Plaintiffs,**

**v.**

**DR. ROBERT W. EMERY**

**Defendant.**

Case No. 1:08-cv-00085
(Judge John D. Bates)

### ·ORDER FOR HEARING
### ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER,
### MOTION FOR EXPEDITED DISCOVERY AND HEARING AND BRIEFING
### SCHEDULE FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of Plaintiff's Motion to Establish a Hearing on Plaintiff's

Motion for a Temporary Restraining Order, for Expedited Discovery and to establish a hearing

date and briefing schedule on the Plaintiff's Motion for a Preliminary Injunction, it is this _____

day of _____, 2008,

ORDERED, that the parties will appear before the Court on _____ __, 2008 at

___.m., for the Court to hear Plaintiffs' motions for a temporary restraining order, for expedited

discovery and to establish a hearing date and briefing schedule on Plaintiffs' motion for a

preliminary injunction.

_____
Judge John D. Bates

COPIES TO:

Geoffrey P. Gitner, Esq.
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037

Richard T. Tomar, Esq.
KARP, FROSH, LAPIDUS, WIGODSKY &
      NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850

*Counsel to the Plaintiffs*

Brian Schwalb, Esq.
Venable
875-7th Street, N.W.
Washington, D.C.

*Counsel to Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**DR. STEVEN A. GUTTENBERG**
**and DOCTORS GUTTENBERG AND**
**EMERY, P.C.**

**Plaintiffs,**

**v.**

**DR. ROBERT W. EMERY**

**Defendant.**

Case No. 1:08-cv-00085
(Judge John D. Bates

## ORDER SCHEDULING
## PRELIMINARY INJUNCTION AND
## <u>BRIEFING SCHEDULE</u>

UPON CONSIDERATION of Plaintiff's Motion TO Schedule a Preliminary Injunction,

it is this _____ day of _____, 2008,

ORDERED, that the motion is GRANTED.

IT IS FURTHER ORDERED that:

1.      A preliminary injunction hearing be held on _____, 2008, commencing at

_____ __.m.

2.      That the Defendant shall file an opposition to the Plaintiff's Motion for a

temporary restraining order and preliminary injunction within ten (10) days of this Order.

3.      That both parties may file supplemental briefs provided they are filed and served

on the opposing party no less than five (5) days prior to the preliminary injunction hearing.

_____
Judge John D. Bates

COPIES TO:

Geoffrey P. Gitner, Esq.
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037

Richard T. Tomar, Esq.
KARP, FROSH, LAPIDUS, WIGODSKY &
        NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850

*Counsel to the Plaintiffs*

Brian Schwalb, Esq.
Venable
875-7th Street, N.W.
Washington, D.C.

*Counsel to Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**DR. STEVEN A. GUTTENBERG**
**and DOCTORS GUTTENBERG AND**
**EMERY, P.C.**

   **Plaintiffs,**

  **v.**

**DR. ROBERT W. EMERY**

   **Defendant.**

Case No. 1:08-cv-00085
(Judge John D. Bates

## ORDER FOR
## MOTION FOR EXPEDITED DISCOVERY

  UPON CONSIDERATION of Plaintiff's Motion for Expedited Discovery, it is this _____

day of _____, 2008,

  ORDERED, that the motion is GRANTED.

  IT IS FURTHER ORDERED that:

  1. Plaintiffs and Defendant shall each be entitled to take up to four depositions

provided the depositions are scheduled and occur at least five days prior to the preliminary

injunction hearing; and

  2. That responses shall be made within fourteen (14) days to the written discovery

requests of the parties.

         _____

         Judge John D. Bates

COPIES TO:

Geoffrey P. Gitner, Esq.
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037

Richard T. Tomar, Esq.
KARP, FROSH, LAPIDUS, WIGODSKY &
        NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850

*Counsel to the Plaintiffs*

Brian Schwalb, Esq.
Venable
875-7[th] Street, N.W.
Washington, D.C.

*Counsel to Defendant*

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| **DR. STEVEN A. GUTTENBERG**<br>**and DOCTORS GUTTENBERG AND**<br>**EMERY, P.C.**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**DR. ROBERT W. EMERY**<br><br>        **Defendant.** | Case No. 1:08-cv-00085<br>(Judge John D. Bates) |

### PLAINTIFFS' EXPEDITED INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Steven A. Guttenberg and Doctors Guttenberg and Emery, P.C., by undersigned counsel, propound these Interrogatories, to which Defendant Robert W. Emery is directed to answer separately and fully, in writing and under oath, within the time established by the Court pursuant to the Plaintiffs' Motion for Expedited Discovery and Scheduling Preliminary Injunction.

<u>Instructions</u>

1.     These Interrogatories are continuing in nature and require supplementation as may become necessary.

2.     Unless otherwise specified, these Interrogatories cover the period from January 1, 2007 to the present.

3.     If, in responding to these Interrogatories, you encounter any perceived ambiguities, your response shall set forth the matter deemed ambiguous and the construction used in responding.

4.      It is intended that these Interrogatories will not solicit any information protected either by the attorney/client privilege or by the attorney work-product doctrine. Where a claim of privilege is asserted in objecting to any Interrogatory or part thereof, and information is not provided on the basis of such assertion:

A.  In asserting the privilege, you shall identify with specificity the nature of the privilege (including work product) that is being claimed;

B.  The following information shall be provided if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

  i.  For oral communications:

    1.  the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

    2.  the date and place of the communication; and

    3.  the general subject matter of the communication.

  ii.  For documents:

    1.  the type of document;

    2.  the general subject matter of the document;

    3.  the date of the document; and

    4.  such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the

2

relationship of the author, addressee, custodian, and any other
recipient to each other.

5.      With respect to any word employed in these Interrogatories, the use of the
singular shall encompass the plural, the use of the masculine shall encompass the feminine, and
vice versa.

6.      The present tense includes the past and future tenses. The singular includes the
plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and
all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and
"or."

Definitions

Notwithstanding any definition set forth below, each word, term, or phrase used in these
Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of
Civil Procedure.  As used in these Interrogatories, the following terms are to be interpreted in
accordance with these definitions:

1.      *Corporation*: The term "Corporation" shall mean Doctors Guttenberg and Emery,
P.C., including its owners, affiliates, partners, principals, officers, directors, employees, agents,
representatives, and attorneys.

2.      *Shareholder Agreement*: The term "Shareholder Agreement" shall mean the
agreement that Defendant Emery executed with the Corporation upon his becoming a
shareholder thereof, and which is attached as Exhibit A to Plaintiffs' Verified Complaint in this
action.

3.      *Employment Agreement*: The term "Employment Agreement" shall mean the
agreement that Defendant Emery executed with the Corporation upon his becoming a

shareholder thereof, and which is attached as Exhibit B to Plaintiffs' Verified Complaint in this action.

4.    *Unilateral Agreement*: The term "Unilateral Agreement" shall mean the amendment to the Shareholder Agreement that Defendant Emery sought to have Plaintiff Steven A. Guttenberg execute between May and August, 2007, as alleged in Paragraphs 34 through 40 of Plaintiffs' Verified Complaint in this action.

5.    *Employee Claim*: The term "Employee Claim" shall mean the sexual harassment lawsuit filed by a disgruntled former employee of the Corporation, as alleged in Paragraph 33 of Plaintiffs' Verified Complaint in this action.

6.    *Plaintiffs*:  The term Plaintiffs shall mean the plaintiffs in the Verified Complaint in this Action.

7.    *Document*: The term "document" shall mean all writings or other tangible, intangible, or electronically stored information (as that term is used in Fed. R. Civ. P. 16), including, but not limited to, all reports and records, charts, correspondence, notes, memoranda, minutes, payroll records, corporate records, accounting records, logs, work reports, ledgers, books of account, contracts, files, photographs, and all other writings or other data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as phonic (such as recording), or visual reproduction of any oral statement, conversation or event.  Electronic mail is included within the definition of the term "document." A draft or non-identical copy (including copies with notations and marks made thereon) is a separate document within the meaning of the term "document."

8.    *Relating*: The term "relating" shall mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying, the subject matter identified in a request.

9.    *You / Your*: The terms "you" and "your" shall mean Defendant Emery and of or relating to Emery.

10.    Each term not defined herein shall have the meaning contained in Webster's Third New International Dictionary, Unabridged (Merriam-Webster Inc. 1986).

<u>Interrogatories</u>

1.    Identify and describe each and every action you took relating to establishing a dental practice or office within the District of Columbia apart from that of the Corporation, specifying the dates such action(s) was (were) taken, the names and addresses of any persons or entities involved in such action(s), and every document relating to such action(s).

<u>Response</u>:


2.    Identify and describe each and every action you took relating to your attempts to have Donna Breeyear terminate her employment with the Corporation and join you at a new practice as your Clinical Supervisor and marketing director, or in any other capacity, specifying the dates such action(s) was (were) taken, the names and addresses of any persons or entities involved in such action(s), and every document relating to such action(s).

<u>Response</u>:


3.    Identify and describe each and every action you took relating to hiring or commissioning  or consulting with a commercial or other  real estate broker or professional to

5

locate space for a new practice in the District of Columbia, specifying the dates such action(s) was (were) taken, the names and addresses of any persons or entities involved in such action(s), and every document relating to such action(s).

Response:

4.    Identify and describe each and every action you took relating to contacting medical and dental equipment companies to obtain pricing for equipment to outfit your new practice, specifying the dates such action(s) was (were) taken, the names and addresses of any persons or entities involved in such action(s), and every document relating to such action(s).

Response:

5.    Identify and describe each and every action you took relating to the training of present Corporation employees in skills already being performed by other of the Corporation's employees, so that when you establish your new office you will have trained employees immediately available to you, specifying the dates such action(s) was (were) taken, the names and addresses of any persons or entities involved in such action(s), and every document relating to such action(s).

Response:

6.    Identify and describe all non-privileged actions you took relating to your hiring of attorneys to find ways for you to relieve yourself from the non-competition and non-solicitation covenants of your Employment Agreement, specifying the dates such action(s) was (were) taken, the names and addresses of any persons or entities involved in such action(s),

and every document reflecting such action(s).

    Response:

7.      Identify when you first learned that the Corporation's charter had lapsed, how you learned of the lapsing of the Corporation's charter and all persons with whom you discussed the lapsing of the charter, including the dates of such discussions and what those discussions entailed.  The time period for this interrogatory is from January 1996 to the present.

    Response:

8.      If you contend that the Corporation is dissolved or should be dissolved identify and describe each and every fact upon which you base your contention and provide the legal bases for your contention.

    Response:

9.      Identify and describe each and every communication you had with Katherine Keyes prior to her filing her Employee Claim, regarding or relating to whether or not she should or should not file such a claim, and each and every communication you had with Ms. Keyes about her Employee Claim after she filed the Employee Claim.

    Response:

10.     Describe each and every conversation you have had with any employee of the Corporation, since January 1, 2007, about the employee withdrawing from the Corporation and

then being employed by you in a practice independent from the Corporation and/or

Guttenberg. Include the name of the employee(s), the dates of such communications, the

substance of such communications and describe any documents that refer or regard such

communications.

     Response:


     11.     Describe each and every conversation you have had with any employee of the

Corporation, since January 1, 2007, in which you discussed your desire, or your attempt to

have Dr. Guttenberg terminated from the Corporation or his withdrawal from the Corporation.

Include the name of the employee(s), the dates of such communications, the substance of such

communications and describe any documents that refer or regard such communications.

     Response:


     12.     Describe your duties as Secretary of the Corporation, including, but not limited

to, your responsibility to make the Corporation's annual governmental filings.

     Response:


     13.     Identify and describe each and every action you took relating to your attempts

to establish your own referral network of dentists and physicians who are loyal to yourself and

not to the Corporation, including, but not limited to, changing your correspondence from

referring and including the Corporation to referring only to you, specifying the dates such

action(s) was (were) taken, the names and addresses of any persons or entities involved in such

action(s), and every document relating to such action(s).

Response:


14.    Identify each and every person who has knowledge of the allegations in the

Complaint, and provide a summary of such knowledge, and every document reflecting such

knowledge.

Response:


15.    Identify each person you intend to call as a witness at the hearing on the

Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and /or

Declaratory Judgment, and provide a summary of the facts to which you may call them to

testify.

Response:


DATED: January 30, 2008                      Respectfully submitted,

                                             Geoffrey P. Gitner (DC Bar No. 176479)
                                             Law Offices of Geoffrey P. Gitner
                                             Watergate, Twelfth Floor
                                             600 New Hampshire Ave., N.W.
                                             Washington, D.C. 20037
                                             Ph: (202) 772-5926
                                             Fax: (202) 772-5858

                                             Richard T. Tomar (D.C. Bar No. 13094)
                                             KARP, FROSH, LAPIDUS, WIGODSKY &
                                             NORWIND, P.A.
                                             2273 Research Blvd., Suite 200
                                             Rockville, Maryland 20850
                                             Ph: (301) 948-3800


                                             *Counsel to Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2008, I caused a true and correct copy of the foregoing Plaintiffs' Expedited Interrogatories to be served by electronic mail and first class mail, postage prepaid on the following:

> Brian Schwalb, Esq.
> Joseph Shull, Esq.
> Seth Rosenthal, Esq.
> Venable
> 875 7th Street, N.W.
> Washington, D.C.

Geoffrey P. Gitner

8

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

|  |  |
|---|---|
| **DR. STEVEN A. GUTTENBERG** and **DOCTORS GUTTENBERG AND EMERY, P.C.** | |
| **Plaintiffs,** | |
| **v.** | Case No. 1:08-cv-00085 (Judge John D. Bates) |
| **DR. ROBERT W. EMERY** | |
| **Defendant.** | |

**PLAINTIFFS' EXPEDITED REQUESTS
FOR ADMISSION TO DEFENDANT**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs Steven A. Guttenberg and Doctors Guttenberg and Emery, P.C., by undersigned counsel, propound these Requests for Admission, to which Defendant Robert W. Emery is directed to answer separately and fully, in writing and under oath, within the time established by the Court pursuant to the Plaintiffs' Motion for Expedited Discovery and Scheduling Preliminary Injunction Hearing.

Definitions

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.    *Corporation*: The term "Corporation" shall mean Doctors Guttenberg and Emery, P.C., including its owners, affiliates, partners, principals, officers, directors, employees, agents, representatives, and attorneys.

2.      *Stock Purchase Agreement*: The term "Stock Purchase Agreement" shall mean the agreement that Defendant Emery executed with the Corporation under which he was permitted to buy into the Corporation, as described in Paragraph 14 of Plaintiffs' Verified Complaint in this action.

3.      *Shareholder Agreement*: The term "Shareholder Agreement" shall mean the agreement that Defendant Emery executed with the Corporation upon his becoming a shareholder thereof, and which is attached as Exhibit A to Plaintiffs' Verified Complaint in this action.

4.      *Employment Agreement*: The term "Employment Agreement" shall mean the agreement that Defendant Emery executed with the Corporation upon his becoming a shareholder thereof, and which is attached as Exhibit B to Plaintiffs' Verified Complaint in this action.

5.      *Employee Claim*: The term "Employee Claim" shall mean the sexual harassment lawsuit filed by a former employee of the Corporation, as alleged in Paragraph 33 of Plaintiffs' Verified Complaint in this action.

6.      *Plaintiffs*: The term "Plaintiffs" shall refer to the plaintiffs in the Verified Complaint filed in this action.

7.      *You / Your*: The terms "you" and "your" shall mean Defendant Emery and of or relating to Emery.

8.      Each term not defined herein shall have the meaning contained in Webster's Third New International Dictionary, Unabridged (Merriam-Webster Inc. 1986).

## Requests for Admission

1.      Admit that the Stock Purchase Agreement, Shareholder Agreement, and

2

Employment Agreement which you signed in July 1990 are in full force and effect and govern all aspects of the practice of the Corporation.

Response:

2.    Admit that in 2007 you formulated the intent to withdraw from the Corporation.

Response:

3.    Admit that in 2007 you formulated the intent to discontinue practicing with Dr. Guttenberg.

Response:

4.    Admit that in 2007 you formulated the intent to either withdraw from the Corporation or have Dr. Guttenberg withdraw from the Corporation.

Response:

5.    Admit that Paragraph 8.d of the Employment Agreement provides that in the event of a breach or anticipatory breach of a covenant or a threatened breach of a covenant contained in that Agreement, you agreed that the Corporation would be entitled injunctive relief and would be required to indemnify the Corporation for its attorneys fees and costs to enforce the covenants.

Response:

3

6.     Admit that you consulted or discussed with a commercial real estate broker in 2007 the availability of office space in downtown District of Columbia at which you could establish your own oral and maxillofacial surgery practice.

Response:

7.     Admit that in 2007 you consulted with Dr. Keith Progebin on how to separate your practice from Dr. Guttenberg, discussed with him how you could go about separating your practice from that of the Plaintiffs, and that Dr. Progebin referred you attorney Bruce Kaufman.

Response:

8.     Admit that you sought to become President of the Corporation, because you believed that would provide you with the authority to terminate Dr. Guttenberg from the Corporation.

Response:

9.     Admit that, since 1996, the Corporation has, in all ways, acted as a corporation and you have continued to accept the benefits of the Corporation, including receipt of salary, bonus, health insurance, pension, and other benefits.

Response:

10.    Admit that you have taken actions to establish a separate dental practice or office within the District of Columbia.

4

Response:

11.    Admit that you have solicited Donna Breeyear to terminate her employment with the Corporation and join you at a new practice or office as your Clinical Supervisor or marketing director or in any other capacity.

Response:

12.    Admit that under your Employment Agreement that Dr. Guttenberg, as President of the Corporation, has the authority to terminate you with or without cause.

Response:

13.    Admit that you have hired attorneys to find ways for you to relieve yourself from the non-competition and non-solicitation covenants of your Employment Agreement.

Response:

14.    Admit that you encouraged Katherine Keyes to file a claim for sexual harassment against Dr. Guttenberg.

Response:

15.    Admit that you have sought to force Dr. Guttenberg to withdraw from the Corporation.

Response:

16.    Admit that you have attempted to establish your own referral network of dentists and physicians who are loyal to yourself and not to the Practice, by, among other

5

actions, changing your correspondence from referring to and including the Corporation to referring only to yourself.

    <u>Response</u>:

DATED: January 30, 2008

Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Richard T. Tomar (D.C. Bar No. 13094)
KARP, FROSH, LAPIDUS, WIGODSKY &
NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
Ph: (301) 948-3800

*Counsel to Plaintiffs*

128356.00601/35835436v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2008, I caused a true and correct copy of the foregoing Plaintiffs' Expedited Requests for Admission to Defendant to be served by electronic mail and first class mail, postage prepaid on the following:

Brian Schwalb, Esq.
Joseph Shull, Esq.
Seth Rosenthal, Esq.
Venable
875 7th Street, N.W.
Washington, D.C.

Geoffrey P. Gitner

128356.00601/35835436v.1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. STEVEN A. GUTTENBERG
and DOCTORS GUTTENBERG AND
EMERY, P.C.

Plaintiffs,

v.

DR. ROBERT W. EMERY

Defendant.

Case No. 1:08-cv-00085
(Judge John D. Bates)

## PLAINTIFFS' EXPEDITED REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Robert W. Emery

is directed to produce for inspection and duplication at the offices of Geoffrey P. Gitner, 600

New Hampshire Avenue, NW, 12th Fl., Washington, D.C. 20037, the documents described

below within the time set forth by Plaintiffs' Motion for a Speedy Hearing, Expedited Discovery

and Briefing Schedule on Action for Declaratory Judgment and (in the event that both motions

are granted) / or (in the event that only one motion is granted) Plaintiffs' Motion for Emergency

Status Conference and Expedited Discovery Prior to Scheduling Conference for Preliminary

Injunction.

Instructions

1.      These Requests are continuing in nature and require supplementation as may

become necessary.

2.      Unless otherwise specified, these Requests cover the period from January 1, 2007

to the present.

3.    These Requests are directed at all materials in the possession, custody, or control of the recipient, or any of its agents or persons or entities in privity with any of them.

4.    If, in responding to these Requests, you encounter any perceived ambiguities, your response shall set forth the matter deemed ambiguous and the construction used in responding.

5.    If any materials called for by a Request are withheld on the basis of a claim of privilege, you shall set forth the nature of the privilege claimed and the nature of the information with respect to which it is claimed, providing sufficient detail for Plaintiffs to evaluate the propriety of such claim of privilege.

6.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.    It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the attorney work-product doctrine. If any Request is susceptible of a construction that calls for the production of such material, that material need not be provided.

8.    If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

9.      With respect to any word employed in these Requests, the use of the singular shall encompass the plural, the use of the masculine shall encompass the feminine, and vice versa.

10.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

11.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."

Definitions

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      *Corporation*: The term "Corporation" shall mean Doctors Guttenberg and Emery, P.C., including its owners, affiliates, partners, principals, officers, directors, employees, agents, representatives, and attorneys.

2.      *Shareholder Agreement*: The term "Shareholder Agreement" shall mean the agreement that Defendant Emery executed with the Corporation upon his becoming a shareholder thereof, and which is attached as Exhibit A to Plaintiffs' Complaint in this action.

3.      *Employment Agreement*: The term "Employment Agreement" shall mean the agreement that Defendant Emery executed with the Corporation upon his becoming a shareholder thereof, and which is attached as Exhibit B to Plaintiffs' Complaint in this action.

4.      *Unilateral Agreement*: The term "Unilateral Agreement" shall mean the amendment to the Shareholder Agreement that Defendant Emery sought to have Plaintiff Steven A. Guttenberg execute between May and August, 2007, as alleged in Paragraphs 34 through 40 of Plaintiffs' Complaint in this action.

5.      *Employee Claim*: The term "Employee Claim" shall mean the sexual harassment lawsuit filed by a disgruntled former employee of the Corporation, as alleged in Paragraph 33 of Plaintiffs' Complaint in this action.

6.      *Document*: The term "document" shall mean all writings or other tangible, intangible, or electronically stored information (as that term is used in Fed. R. Civ. P. 16), including, but not limited, to all reports and records, charts, correspondence, notes, memoranda, minutes, payroll records, corporate records, accounting records, logs, work reports, ledgers, books of account, contracts, files, photographs, and all other writings or other data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as phonic (such as recording), or visual reproduction of any oral statement, conversation or event.  Electronic mail is included within the definition of the term "document." A draft or non-identical copy (including copies with notations and marks made thereon) is a separate document within the meaning of the term "document."

7.      *Relating*: The term "relating" shall mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in a request.

8.      *You / Your*: The terms "you" and "your" shall mean Defendant Emery and of or relating to Emery.

9.    Each term not defined herein shall have the meaning contained in Webster's Third New International Dictionary, Unabridged (Merriam-Webster Inc. 1986).

Documents Requested

1.  All documents relating to any actions by you to establish a dental office or practice within the District of Columbia, apart from that of the Corporation.

2.  All documents relating to your attempts to have Donna Breeyear terminate her employment with the Corporation and join you at a new practice as you clinical supervisor, marketing director, or in any other capacity.

3.  All documents relating to your commissioning a commercial or other real estate broker or professional to locate space for your new dental office or practice in the District of Columbia.

4.  All documents relating to your contacting medical and dental equipment companies to obtain pricing for equipment to outfit your new dental office or practice.

5.  All documents relating to your training of present Corporation employees in skills already being performed by other of the Corporation's employees, so that when you establish your new office you will have trained employees immediately available to you.

6.  All documents reflecting your hiring of attorneys to find ways for you to relieve yourself from the non-competition and non-solicitation covenants of your Employment Agreement.

7.  All documents relating to your attempts to blackmail, coerce, and/or harass Plaintiff Guttenberg and Donna Breeyear regarding any matter, as set forth in Paragraphs 34 through 40 of Plaintiffs' Complaint in this action.

8.  All documents relating to your actions which intended, or tended to harm,

5

destroy, or dissolve the Corporation, including, but not limited to, your concealing your intentions from Plaintiff Guttenberg, misleading Guttenberg as to the consequences of entering the Unilateral Agreement, blackmailing Guttenberg, and on information and belief stealing Corporation property (including, but not limited to, any files related to the Employee Claim and Donna Breeyear's annual evaluations).

9.   All documents relating to your actions which intended, or tended to destroy, harm, or affect the morale of the Corporation's employees by, *inter alia,* seeking to divide the employees into camps, promoting disloyalty toward Plaintiff Guttenberg, and pandering to the employees.

10. All documents relating to your refusal to reinstate the corporate charter with the District of Columbia, concealing from the Corporation and its President that the charter had been administratively revoked, and therefore exposing the Corporation and its shareholders to potential liability. For the purposes of this Request No. 10 only, this Request covers the period from January, 1996 to the present.

11. All documents relating to your failure to support the Corporation in its litigation against the Employee Claim by pursuing the Unilateral Agreement, which if exposed during litigation would have adversely affected the Corporation and its shareholders.

12. All documents relating to your attempts to establish your own referral network of dentists and physicians who are loyal to yourself and not to the Corporation, including but not limited to, changing your correspondence from referring and including the Corporation to referring only to yourself.

13. All documents identified or referred to in responding to Plaintiffs' Expedited Interrogatories or Request for Admissions.

6

DATED: January 30, 2008                    Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Richard T. Tomar (D.C. Bar No. 13094)
KARP, FROSH, LAPIDUS, WIGODSKY &
NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
Ph: (301) 948-3800


*Counsel to Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2008, I caused a true and correct copy of the foregoing Plaintiffs' Motion for Expedited Request for Production of Documents to Defendant to be served by electronic mail and first class mail, postage prepaid on the following:

Brian Schwalb, Esq.
Joseph Shull, Esq.
Seth Rosenthal, Esq.
Venable
875 7th Street, N.W.
Washington, D.C.

Geoffrey P. Gitner