IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DR. STEVEN A. GUTTENBERG and DOCTORS GUTTENBERG AND EMERY, P.C.<br><br>           Plaintiffs,<br><br>v.<br><br>DR. ROBERT W. EMERY<br><br>           Defendant. | Case No. 1:08-cv-00085<br>(Judge John D. Bates) |

**PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING, DISCOVERY AND
BRIEFING SCHEDULE ON COUNTS II, III AND IV
FOR DECLARATORY JUDGMENT**

Pursuant to Fed. R. Civ. P. 57, the Declaratory Judgment Act, 28 U.S.C. § 2201 and LCvR 7.1, Plaintiffs Dr. Steven A. Guttenberg ("Guttenberg") and Doctors Guttenberg and Emery, P.C. (the "Corporation") (collectively, "Plaintiffs") hereby move for a speedy hearing and expedited discovery and briefing schedule on their declaratory judgment actions and to advance the hearing on the Court's calendar to the earliest possible time. As described in more detail in the attached Memorandum of Points and Authorities an order expediting this matter is essential because Defendant's continuing and willful breaches of contract and attempts to destroy the Corporation are inflicting in excess of $10,000 dollars per month in unnecessary costs to Plaintiffs to enforce their contractual rights, as well significant loss to their business, business disruption, irreversible damage to their professional reputation and goodwill, and endangerment to their patients' safety and wellbeing.

Plaintiffs additionally move for an emergency status conference at the Court's earliest opportunity to establish an expedited briefing schedule and to be granted leave immediately to

commence discovery, including depositions, in aid of declaratory relief proceedings before the Court. Specifically, Plaintiffs request that:

1. The Court set an emergency status conference be held at the Court's earliest opportunity;

2. That at the status conference the Court enter a scheduling order for discovery and briefing to be conducted prior to the hearing on the declaratory judgment actions; and

3. The Court establish a date for a declaratory judgment hearing on Counts II, III and IV of the Plaintiffs' Verified Complaint at its earliest opportunity.

Pursuant to Local Civil Rule 7.(m), Plaintiffs' counsel discussed the contents of this motion with counsel for Defendant Emery in a good faith effort to determine whether Defendant Emery opposed the relief sought. Emery's counsel was not opposed to expedited consideration, but is opposed to any limitation on the amount of discovery.

WHEREFORE, Plaintiffs respectfully request that the Court set a hearing on Plaintiffs' request for declaratory judgment on the calendar at the earliest possible time.

DATED: January 30 2008

Respectfully submitted,

_____
Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

_____
Richard T. Tomar (D.C. Bar No. 13094)
KARP, FROSH, LAPIDUS, WIGODSKY &
NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
Ph: (301) 948-3800

*Counsel to Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DR. STEVEN A. GUTTENBERG and DOCTORS GUTTENBERG AND EMERY, P.C.<br><br>**Plaintiffs,**<br><br>v.<br><br>**DR. ROBERT W. EMERY**<br><br>**Defendant.** | Case No. 1:08-cv-00085<br>(Judge John D. Bates) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING,
DISCOVERY AND BRIEFING SCHEDULE ON COUNTS II, III AND IV
FOR DECLARATORY JUDGMENT**

Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiffs Dr. Steven A. Guttenberg ("Guttenberg") and Doctors Guttenberg and Emery, P.C. (the "Corporation") (collectively, "Plaintiffs") seek a speedy hearing and expedited discovery and briefing schedule on their declaratory judgment action against Defendant Dr. Robert W. Emery ("Defendant" or "Emery") regarding each party's rights and obligations under agreements made by and amongst themselves, after Emery's breach of such agreements.

Rule 57's procedure for an expedited hearing is especially appropriate for the case at hand. An expedited hearing is feasible in this case because the dispute presents straightforward issues of interpreting extant contract documents. Moreover, a speedy hearing is essential to prevent Emery from continuing to inflict enormous harm to Plaintiffs as well as undermining the public interest and endangering patient safety. Emery's conduct has caused Plaintiffs unnecessary expenditures to enforce their contractual rights collectively approximating in excess

128356.00601/35834497v.1

of $10,000 per month, as well as loss of business, business disruption, and irreversible damage to their professional reputation and goodwill. Emery's persistent disruption of the Corporation's business and work environment further threatens to detract the medical staff's attention and energies away from patient care. For these reasons, Plaintiffs respectfully request that the Court set a hearing on Plaintiffs' declaratory judgment claim for the earliest possible time.

### STATEMENT OF FACTS

This action arises out of Emery's willful and repeated violations of his Shareholder and Employment Agreements with the Corporation to sell his shares back to the Corporation upon his withdrawal therefrom, to act in the Corporation's interest, and to not compete with the Corporation. The facts set forth below also are contained in Plaintiffs' Complaint.

I.     **The Parties Agreements**

    A.     **The Stock Purchase and Shareholder Agreements**

Plaintiff Guttenberg founded the Corporation in 1977 to establish an oral and maxillofacial surgery practice in downtown Washington, D.C. Guttenberg and the Corporation hired Emery as an associate in 1988, and on July 30, 1990, Guttenberg agreed to admit Emery as a shareholder and to buy into the Corporation over a period of time.

As part of Emery's buy-in, Guttenberg and Emery entered into a Stock Purchase Agreement and a Shareholder Agreement. Under the Stock Purchase Agreement, Emery was permitted to purchase fifty (50%) of the stock of the Corporation for $31,250.00. Under the Shareholder Agreement, Emery was required to sell his shares back to the Corporation for $31,250.00 and also to resign as a director and officer in the event he were to withdraw from the Corporation.

    B.     **Emery's Employment Agreement**

As part of the consideration to become a shareholder in the Corporation, Emery agreed to enter into an Employment Agreement. Under the Employment Agreement, Emery agreed, *inter alia*:

  a. That he would "faithfully serve [the Corporation] in its Practice." (¶1.)

  b. That he would "diligently and conscientiously devote his entire time, attention and energies to the [Corporation's] Practice" (¶3.a.) and that he would "promote the practice." (¶ 3.a.(5).)

  c. That he would not, while employed by the Corporation, "be engaged in any other practice of dentistry . . ." (¶ 3.b.)

  d. For five years after leaving the practice, for any reason, he would not solicit past or present patients and must refrain from causing or soliciting any dentist to not refer to the practice. (¶ 8.a.)

  e. That he would not disclose any of the Corporation's proprietary and confidential information, including its patient list, outside of the Corporation "for any reason or purpose whatsoever." (¶ 8.b.)

  f. That for three (3) years after leaving the Practice, for any reason, he would not engage in any business competitive with the Corporation within the District of Columbia. (¶ 8.c.) This covenant further provides: "This covenant is deemed independent of any other provision of the Agreement and the existence of any claim or cause of action by the Employee against the Employer shall not constitute a defense to its enforcement." (*Id.*) The paragraph further provides that Emery may purchase relief from the covenant by paying $500,000.00 to the Corporation.

  g. That in the event of a breach or anticipatory breach of a covenant or a *threatened* breach of a covenant (¶ 8.d), Emery agreed that the Employer would be entitled to injunctive relief and would be required to indemnify the Employer for its attorneys fees and costs to enforce the covenants.

  h. The agreement contained a buy-in salary adjustment under which Emery paid Guttenberg $370,000 over a period of years (the "Buy-In Adjustment"). (¶ 5.)

  i. That Emery could be terminated by the Corporation for cause or without cause. (¶¶ 13.B and D.) A termination without cause would entitle Emery to repayment of the Buy-In Adjustment, whereas a termination with cause would not. (¶¶ 13.D and 14.)

II.   **Emery's Breach of the Agreements**

3

### A. Emery's Breach of the Shareholder Agreement

Under paragraph 13.C. of the Employment Agreement, Emery may withdraw as an employee of the Corporation, provided that he sell his shares back to the Corporation and resign as a director and officer.

As described in Paragraphs 30 through 57 and 62 through 65 of Plaintiffs' Complaint, Emery has constructively withdrawn, or has manifested his intent to withdraw, from the Corporation by, *inter alia*:

    a. Seeking to establish his own competing office within three blocks of the Corporation's office;

    b. Stealing Corporation property;

    c. Soliciting the Corporation's Clinical Supervisor and marketing director, and possibly other of the Corporation's employees, to leave the Corporation and establish a practice with Emery; and

    d. Hiring attorneys to seek to find ways for him to break out of his Shareholder and Employment Agreement obligations upon withdrawing from the Corporation and, specifically, to break out of the non-competition and non-solicitation covenants.

Plaintiffs attempted to resolve these matters with Emery, as described more fully in the next section of this brief, through early December, 2007. Emery rebuffed Plaintiffs' overtures. In light of Emery's actions and his refusal to conciliate, Guttenberg delivered on December 14, 2007 a notice to Emery that he was terminated without cause pursuant to paragraph 13.B of the Employment Agreement. The notice provided, *inter alia*:

    a. That Emery was provided with six months' notice of the termination; and

    b. In accordance with the Shareholder Agreement, Emery received a check in the amount of $31,250.

On December 17, 2007, Emery, through his counsel, rejected Guttenberg's authority as President of the Corporation to terminate Emery, and on December 19, 2007 returned the check

4

for $31,250. In so responding, Emery has breached the Shareholder Agreement by his refusal to sell his shares back to the Corporation despite his constructive withdrawal therefrom. Alternatively, Emery has repudiated his obligation to sell his shares back under the Shareholder Agreement despite manifestation of his unequivocal intent to withdraw from the Corporation.

    B.    **Emery's Breach of the Employment Agreement**

As described above, Emery was bound under the Employment Agreement to act in the Corporation's interest, to not compete with the Corporation as long as he was a Corporation employee, to not solicit any of the Corporation's present or past patients for five years after leaving the Corporation, and to not establish any business competitive with the Corporation within the District of Columbia for five years after leaving the Corporation unless he were the pay the Corporation a sum of $500,000.00.

Emery has breached the Employment Agreement by:

a. Breaching the non-competition covenant by seeking to establish his own competing office within three blocks of the Corporation's office, stealing Corporation property, soliciting Corporation employees to join his competing office, and hiring attorneys to seek to find ways for him to break out of his Shareholder and Employment Agreement obligations, as described in the above section of this brief;

b. Seeking to blackmail Guttenberg;

c. Harassing the Clinical Director of the Corporation after she refused to join Emery in his competing office;

d. Committing corporate waste by seeking to train Corporation employees to take over functions in Emery's new office, whereas, there are Corporation employees who are already trained in these functions;

e. Concealing from the Corporation and its President that its charter had been revoked, and refusing to reinstate the charter as Secretary of the Corporation, thereby exposing the Corporation and its shareholders to potential liability;

f. Refusing to support the Corporation in its litigation of an employee claim;

    g. Breaching the non-solicitation covenant by directing referral dentists and physicians to himself and not to the Corporation; and

    h. Repudiating a November 2, 2007 letter from Guttenberg, in his capacity as President of the Corporation, that placed Emery on notice that his actions manifested an intention to withdraw from the Practice or, alternatively, to destroy the Practice; and identifying, without limitation, the grounds that existed to terminate Emery for cause and advising Emery of several options by which Emery could resolve these matters.

**III.**    **Plaintiffs' Declaratory Judgment Actions**

Plaintiffs' Complaint seeks, *inter alia*, a declaration that Emery, through his actions as described above, is in breach of the Shareholder and Employment Agreements; and that pursuant to those same Agreements, Emery has constructively withdrawn or has manifested his intent to withdraw from the Corporation, Guttenberg has the right to terminate Emery's employment with the Corporation with or without cause and has effectively done so, and Emery must sell his shares back to the Corporation and resign as a director and officer thereof pursuant to his withdrawal or termination.

Based on conservative estimates, Plaintiffs have expended approximately in excess of $10,000 in costs during the previous four months in attempting to resolve these matters with Emery, and will expend additional costs for every month that Emery refuses to abide by the Shareholder and Employment Agreements during the pendency of this action. Emery's continuing conduct in breach of such Agreements has, furthermore, undermined cohesiveness and morale amongst the Corporation's employees and detracted from their ability to care for patients. Moreover, as a specialized medical professional and professional corporation, Plaintiffs depend in large part on referrals from peers within the small and close-knit medical community. Gossip about Emery's continued conduct and dispute with Plaintiffs will inevitably damage Plaintiffs' professional reputation, goodwill, and business.

## **ARGUMENT**

Fed. R. Civ. P. 57 provides that "the court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar." Generally speaking, "if either party so requests, the Court will exercise the authority given it in Rule 57 to advance the trial of the action on the calendar." *Temp-Resisto Corp. v. Glatt*, 18 F.R.D. 148, 151 (D. N.J. 1955). This provision of Rule 57 "is so sensible and appropriate that there is a dearth of decided cases involving that provision. Nevertheless, it has been applied to effectuate the purpose of the rule and expedite a decision." 10B Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE, CIVIL 3d § 2768 (3d ed. 1998).

Among the purposes of Rule 57 that can be effectuated by expedited hearing of a declaratory judgment action is "avoid[ing] accrual of avoidable damages to one not certain of his rights." *Hanes Corp. v. Millard*, 531 F.2d 585, 592 (D.C. Cir. 1976) (citing *E. Edelman & Co. v. Triple-A Specialty Co.*, 88 F.2d 852, 854 (7th Cir. 1937); *see also ACandS, Inc. v. Aetna Casualty and Surety Co.*, 66 F.2d 819, 823 (3rd Cir. 1981) ("To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs. But declaratory judgment relief was intended to avoid precisely the 'accrual of avoidable damages to one not certain of his rights.'") (quoting *Dewey & Almy Chem. Co. v. Amer. Anode, Inc.*, 137 F2d 68, 69 (3rd Cir.)). Other factors that warrant granting declaratory judgment include the "equity of the conduct of the declaratory judgment plaintiff" and "the public importance of the question to be decided." *Hanes Corp.*, 531 F.2d at 592.

Indeed, courts have granted declaratory judgment in cases directly analogous to the present controversy. In *Anderson v. Pictorial Productions, Inc.*, 232 F. Supp. 181 (S.D. N.Y. 1964), the court denied a motion to dismiss an action for declaratory judgment in a dispute over

the parties' rights pursuant to certain employment and noncompete agreements.. Similarly, in *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1023 (3rd Cir. 1980), the court vacated a district court's dismissal of a declaratory judgment action concerning the enforceability of an employment contract.

In the present case, determination on an expedited basis of Plaintiffs' declaratory judgment claims is necessary and appropriate in light of the purposes of Rule 57 and the Declaratory Judgment Act. To wit, a speedy determination will avert significant avoidable costs to all parties by clarifying their rights and obligations with respect to one another under the Shareholder and Employment Agreements and will prevent the good names of Guttenberg and the Corporation from being dragged through the mud by protracted litigation, thereby harming their professional reputation, goodwill, and business.

Plaintiffs also have acted equitably by attempting to conciliate with Emery, notwithstanding his inequitable, unilateral, and willful breaches of the Agreements, which conciliatory attempts Emery repudiated. After Emery rebuffed Plaintiffs' good-faith attempts at negotiation, Plaintiffs gave Emery the generous courtesy of a six-month notice of his termination without cause, which notice is not required under the Agreements.

The issuance of expedited declaratory relief would moreover prevent concrete harm to public safety and patient wellbeing. In this case, the Corporation performs an average of 2,000 surgeries annually oral surgeries and see approximately 50 patients daily. While the Corporation has been able to maintain its level and quality of care to its patients up to this point notwithstanding Emery's conduct, patient safety and wellbeing will be seriously threatened by Emery's unrelenting disruption of the Corporation's business and work environment, which conduct will continue unabated absent prompt adjudication of Plaintiffs' claims. Courts have

8

held that ensuring access to medical treatment is precisely the type of public interest that is to be protected by declaratory and expedited relief. *See, e.g., Infinitech, Inc. v. Vitrophage, Inc.*, 842 F. Supp. 332, 337-38 (N.D. Ill. 1994) (public interest in the development and marketing of new medical products favors the adjudication of a declaratory judgment action prior to the expiration of a patent); *Detroit Med. Ctr. v. GEAC Computer Sys., Inc.*, 103 F. Supp. 2d 1019, 1024 (E.D. Mich. 2000) ("the public's interest in receiving adequate medical care" favors granting a preliminary injunction in a dispute over computer services at a medical facility); *Deborah Heart & Lung Ctr. v. Children of the World Foundation*, 99 F. Supp. 481, 494 (N.D. Cal. 1995) ("the public's interest in receiving uninterrupted medical services" favors granting a preliminary injunction in a trademark dispute between medical service providers).

In addition to protecting the public interest in safe and effective medical service, declaratory relief in this case would also further the important public interest in the "sanctity of contracts." *Barnstead Broad Corp. v. BAF Enters.*, 81 F.3d 1147 (D.C. Cir. 2003); *see also Pritchard v. Dent Wizard Int'l Corp.*, 275 F.Supp.2d 903, 920 (S.D. Ohio 2003) ("The public has an interest in the enforceability of contracts.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court advance a hearing on Plaintiffs' request for declaratory judgment to the earliest possible time. In addition, Plaintiffs respectfully request that this Court set an expedited discovery and briefing schedule for this motion.

*[signatures on following page]*

9

DATED: January 30, 2008

Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Richard T. Tomar (D.C. Bar No. 13094)
KARP, FROSH, LAPIDUS, WIGODSKY &
NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
Ph: (301) 948-3800

*Counsel to Plaintiffs*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. STEVEN A. GUTTENBERG
and DOCTORS GUTTENBERG AND
EMERY, P.C.

Plaintiffs,

v.

DR. ROBERT W. EMERY

Defendant.

Case No. 1:08-cv-00085
(Judge John D. Bates)

ORDER
SCHEDULING EXPEDITED HEARING, DISCOVERY AND BRIEFING
ON PLAINTIFFS' COUNTS FOR
DECLARATORY JUDGMENT

UPON CONSIDERATION of Plaintiffs' Motion for an Expedited Hearing, Discovery and Briefing on Plaintiffs' Counts II, III and IV for Declaratory Judgment, it is this ____ day of _____ 2008,

ORDERED, that the parties will appear before the Court on _____, 2008 at __.m. to hear Plaintiffs' motion for expedited hearing, discovery and briefing to establish a Scheduling Order on the counts for declaratory judgment.

_____
Judge John D. Bates

COPIES TO:

Geoffrey P. Gitner, Esq.
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037

Richard T. Tomar, Esq.
KARP, FROSH, LAPIDUS, WIGODSKY &
    NORWIND, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland 20850

*Counsel to the Plaintiffs*

Brian Schwalb, Esq.
Venable
875-7th Street, N.W.
Washington, D.C.

*Counsel to Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2008, I caused a true and correct copy of the foregoing Plaintiffs' Motion for an Expedited Hearing, Discovery and Briefing Schedule on Counts II, III and IV for Declaratory Judgment to be served by electronic mail and first class mail, postage prepaid on the following:

> Brian Schwalb, Esq.
> Joseph Shull, Esq.
> Seth Rosenthal, Esq.
> Venable
> 875 7th Street, N.W.
> Washington, D.C.

_____
Geoffrey P. Gitner